UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.   2:23-cv-08786-DDP (SK) | Date: December 4, 2023 |
| Title   Rod Serp v. City of Los Angeles | |

Present: The Honorable:  Steve Kim, United States Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None present | None present |

**Proceedings:**   (IN CHAMBERS) **SCREENING ORDER**[1]

Plaintiff Rod Serp seeks to pursue a federal suit nominally brought under 42 U.S.C. § 1983 against the City of Los Angeles.  Because he is proceeding in forma pauperis, however, the court must screen his complaint to ensure it states a claim on which relief may be granted in federal court.  *See* 28 U.S.C. § 1915(e)(2)(B).  It does not.  Plaintiff alleges that on November 19, 2019, Los Angeles Fire Department paramedics failed to properly treat his chest pain and refused to transport him to a hospital.  (ECF 1 at 5, 7).  But that allegation, even if true, amounts to no violation of an underlying *federal* right as needed to state a claim under § 1983.  *See Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (Section 1983 "is not itself a source of substantive rights.").  At most, plaintiff's allegation of improper medical care by local emergency paramedics adds up to personal injury or negligence claims under state law.  *See, e.g.*, Cal. Health & Safety Code § 1799.106 (providing for civil damages suits against emergency medical personnel); *Wright v. City of Los Angeles*, 219 Cal. App. 3d 318, 345–46 (1990).  The complaint here is thus subject to summary dismissal because it does not belong in federal court.  *See, e.g.*, *Broussard v. Alfaro*, 2017 WL 11635457, at *3–4 (C.D. Cal. Apr. 26, 2017) (dismissing § 1983 complaint alleging only underlying state law claims).

---

[1] This order is non-dispositive, so it is not immediately appealable.  *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *McKeever v. Block*, 932 F.2d 795, 799 (9th Cir. 1991).  If plaintiff believes this order is dispositive, he must object to the order within 14 days.  *See* Fed. R. Civ. P. 72(a), (b); L.R. 72-2.1; *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 & n.1 (9th Cir. 1996).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:23-cv-08786-DDP (SK)                                  Date: December 4, 2023

Title   Rod Serp v. City of Los Angeles

      For this reason, plaintiff is ORDERED TO SHOW CAUSE in writing by **December 18, 2023** why this action should not be dismissed for failure to state a federal claim on which relief may be granted in federal court.  Plaintiff may discharge this order by filing a Notice of Voluntary Dismissal without prejudice using the attached form CV-09x, which would permit him to refile his suit in state court as appropriate.[2]  If plaintiff files no timely notice of voluntary dismissal or other written response to this order, this action may be dismissed involuntarily for failure to prosecute and obey court orders.  *See* Fed. R. Civ. P. 41(b); L.R. 41-1.

      IT IS SO ORDERED.

---

[2] Nothing in this order is intended to suggest, however, that plaintiff's state law claims are necessarily free of procedural defects, including (for example) timeliness under the applicable statute of limitations.  *See* Cal. Code Civ. Proc. §§ 335.1, 340.  Those are issues that a state court must decide in the first instance if plaintiff files suit there.